UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company, MSPA CLAIMS I, LLC, a Florida limited liability company, and Series PMPI, a designated series of MAO-MSO Recovery II, LLC, a Delaware series limited liability company, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED THERAPEUTICS CORPORATION<br><br>      Defendant. | Civil Action No.<br><br>21-cv-21317-GAYLES |

**JOINT SCHEDULING REPORT**

Plaintiffs MSP Recovery Claims, Series LLC, MSPA Claims I, LLC, and Series PMPI, a designated series of MAO-MSO Recovery II, LLC (collectively, "Plaintiffs") and Defendant United Therapeutics Corporation ("Defendant") have met by phone on September 7, 2021 and hereby submit this Joint Scheduling Report and accompanying Joint Proposed Scheduling Order, pursuant to Local Rule 16.1(b), Fed. R. Civ. P. 26(f)(3), and this Court's August 25, 2021 Order [DE #80]:

**Local Rule 16.1(b)(2) Conference Report**

  A. **Likelihood of Settlement.** There is no possibility of settlement at this time. The Parties will notify the Court if any settlement is reached.

  B. **Likelihood of Appearance in the Action of Additional Parties.** The Parties do not anticipate adding any additional parties.

**C.      Discovery Schedule.**

As the case is presently framed and in light of the complexities of document and testimonial discovery in light of the ongoing coronavirus pandemic, the Parties suggest adoption of a complex case management track pursuant to S.D. Fla. L.R. 16.1(a)(2).

DEVIATIONS FROM STANDARD ORDER.  The Parties have agreed to three minor additions to this Court's standard order.  First, Defendant has agreed to file a motion for judgment on the pleadings under Rule 12(c) on or before October 15, 2021. Plaintiffs do not oppose this deadline. Defendant did not file any Rule 12 motion in the District of Massachusetts, where this case was originally filed, because a motion to transfer under 28 U.S.C. 1404(a) to this Court was decided first and that motion was granted, transferring the case to this Court. Second, this matter is a class action.  Accordingly, as this footnote 4 of this Court's standard order indicates, the parties have agreed on a deadline by which Plaintiffs must file a motion for class certification.  Third, a deadline for rebuttal expert reports from Defendant's experts has been included to ensure that both sides have the ability to file rebuttal reports to opening reports from the other side's experts.

<u>Proposed Schedule</u>

| | | |
|---|---|---|
| 1. | Joinder of any additional parties and filing of motions to amend the complaint by | **10/15/2021** |
| 2. | Motion for judgment on the pleadings to be filed by | **10/15/2021** |
| 3. | Fact discovery shall be completed by | **9/6/2022** |
| 4. | Plaintiffs to serve all fact and all expert evidence and reports in accordance with Rule 26(a)(2) in support of class certification and deadline for plaintiffs to file motion for class certification by | **10/6/2022** |
| 5. | Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | **1/31/2023** |
| 6. | Plaintiffs shall disclose any additional experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **12/6/2022** |

| | | |
|---|---|---|
| 7. | Defendant shall disclose any additional experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **2/6/2023** |
| 8. | Exchange of Plaintiffs' rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **2/20/2023** |
| 9. | Exchange of Defendant's rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **3/20/2023** |
| 10. | Expert discovery shall be completed by | **3/20/2023** |
| 11. | Mediation shall be completed by | **6/1/2023** |
| 12. | Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **5/1/2023** |
| 13. | Written lists containing the names and addresses of all fact witnesses intended to be called at trial by | **7/7/2023** |
| 14. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **8/9/2023** |
| 15. | Joint pretrial stipulation, proposed joint jury instructions, proposed jointverdict form, and/or proposed findings of fact and conclusions of law must be filed by | **9/8/2023** |
| 16. | Electronic versions of documentary exhibits and Certificates of Compliance re Admitted Evidence shall be filed on CM/ECF by | **9/29/2023** |

A Joint Proposed Scheduling Order, contemplated under S.D. Fla. L.R. 16.1(b)(3) is attached hereto as Exhibit "A."

The parties have agreed to work to establish a protocol for ESI preservation, disclosure, and access as part of fact discovery.

**D.     Proposals for the Formulation and Simplification of Issues.**  Defendant intends to file a Rule 12(c) motion for judgment on the pleadings, which Defendant states will present grounds for entirely disposing of this case or, at a minimum, substantially narrowing the claims at issue.  The Parties shall endeavor to simplify the issues by prioritizing discovery relating to the standing of the plaintiffs, plaintiffs' claims, and issues relevant to class certification.

     **E.**     **Necessity of Amendments to Pleadings.**  Defendant has filed an answer to Plaintiffs' complaint. It is Defendant's position that there is no need at this time to amend the pleadings. Plaintiffs will be guided by the deadline to amend the pleadings set forth above, unless good cause for an amendment outside the deadline is shown.

     **F.**     **Admissions and Stipulations Which Will Avoid Unnecessary Proof.**  The Parties have agreed to stipulate to undisputed facts in order to avoid unnecessary proof and anticipate filing such a stipulation before trial. Moreover, the Parties agree to work together regarding stipulations on the authenticity of documents, and protocols for electronically stored information.

     **G.**     **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**  The Parties agree to work together to avoid unnecessary proof and cumulative evidence.

     **H.**     **Referral of Matters to Magistrate Judge.**  The Parties agree only to referral of discovery matters to a Magistrate Judge. The Parties have completed the Court's "Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions," which is attached hereto as Exhibit "B" to this report.

     **I.**     **Preliminary Estimate of the Time Required for Trial.**  The Parties believe this matter will require 10 days of a jury trial if such a trial occurs.

     **J.**     **Calendar Call and Trial Dates.**  The Parties request a trial date of no earlier than October 9, 2023, and a calendar call of no earlier than October 4, 2023. Additionally, the Parties request a final pre-trial conference date of August 16, 2023.

     **K.**     **Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference.**  The Parties have no additional suggestions at this time but will work

together to raise matters to the Court promptly if and when they arise during the course of the litigation.

### Joint Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)

a. **Rule 26 Initial Disclosures.** The Parties agree to exchange the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) and (2), and the Local Rules of this District, by December 13, 2021.

b. **Discovery.** At this time, the Parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases. The Parties anticipate the need to each serve interrogatories, requests for production and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery. Without waiving objections to the scope of discovery or claims to any privileges, the Parties anticipate that the subjects on which discovery may be needed include, but are not limited to, the following: (1) the standing of the named plaintiffs; (2) the validity of the assignments of both the named plaintiffs and the class members; (3) the allegations and claims set forth in Plaintiffs' Complaint; (4) the propriety of certifying this matter as a class action under Federal Rule of Civil Procedure 23; (5) Plaintiffs' purported damages; and (6) Defendant's affirmative defenses. The Parties agree that supplementation of disclosures and responses, as required under Fed. R. Civ. P. 26(e), shall be made within thirty (30) days after acquiring new information affecting such disclosure or responses.

c. **E-Discovery.** The Parties agree to work together on a stipulated protocol to address electronic discovery issues.

**d.     Privilege and Work Product.**  At this time, the Parties do not foresee any unusual issues relating to attorney-client privilege and/or work product. The Parties agree, however, that the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of the attorney-client privilege or work-product protection, including but not limited to the information or documents that may be considered privileged or protected, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  The parties also agree that neither party has any obligation to log communications after the filing of this action.

**e.     Limitations on Discovery.**  The Parties do not foresee a need, at this time, to request an enlargement of the limitations imposed by the Federal Rules of Civil Procedure regarding written discovery or depositions.

**f.     Order Under Rules 26(c), 16(b) and/or 16(c).**  The Parties anticipate that a confidentiality order will be required (including the ability to designate documents according to tiers of confidentiality) as well as possible orders under Rules 16(b) and 16(c).

**g.     Proposed Scheduling Order.**  The Parties' Proposed Scheduling Order pursuant to S.D. Fla. L.R. 16.1(a)(4), 16.1(b)(3), and the Court's Order is attached hereto as Exhibit "A."

Dated September 7, 2021

| | |
|---|---|
| By:    */s/ Eduardo Bertran*<br>Eduardo Bertran, FL Bar No. 94087<br>ARMAS BERTRAN ZINCONE<br>4960 SW 72nd Ave., Suite 206<br>Miami, FL 33155<br>Telephone: 305.661.201<br>ebertran@armaslaw.com | */s/ Raquel A. Rodriguez*<br>Raquel A. Rodriguez, FL Bar No. 511439<br>Miranda L. Soto, FL Bar No. 637963<br>Daniel R. Lazaro, FL Bar No. 99021<br>BUCHANAN INGERSOLL & ROONEY PC<br>2 South Biscayne Blvd, Suite 1500<br>Miami, FL 33131-1822<br>Telephone: 305.347.5913<br>Fax: 305.347.4089 |

        raquel.rodriguez@bipc.com
        miranda.soto@bipc.com
        dan.lazaro@bipc.com

        Andrew S. Tulumello (*pro hac vice*)
        WEIL, GOTSHAL & MANGES LLP
        2001 M Street NW
        Washington, DC 20036
        Telephone: 202.682.7100
        drew.tulumello@weil.com