# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21317-GAYLES/TORRES

MSP RECOVERY CLAIMS, SERIES LLC; MSPA
CLAIMS I, LLC; SERIES PMPI, a designated
series of MAO-MSO RECOVERY II, LLC; and
MSP RECOVERY CLAIMS SERIES 44, LLC, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

v.

CARING VOICE COALITION, INC.; UNITED
THERAPEUTICS CORPORATION; and SMITHS
MEDICAL ASD, INC.,

                Defendants.

## DEFENDANT UNITED THERAPEUTICS CORPORATION'S MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................1

LEGAL STANDARD...........................................................................................4

ARGUMENT .......................................................................................................6

I.     Reconsideration Is Required To Prevent Clear Error and Manifest Injustice and
       Because Plaintiff's Motion Was Decided Without the Benefit of Adversarial
       Presentation.............................................................................................6

II.    Plaintiffs Did Not Exercise Any Diligence And Thus Cannot Meet Their Burden
       to Show Good Cause Under Rule 16(b). ..................................................8

III.   Plaintiffs Have Not Met Their Burden To Demonstrate That They Are Entitled To
       Amend Under Rule 15. ...........................................................................12

CONCLUSION..................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AL-Ghena Int'l Corp. v. Radwan*,
2015 WL 13031991 (S.D. Fla. Oct. 16, 2015)..........................................................................4

*Andrx Pharms., Inc. v. Elan Corp., PLC*,
421 F.3d 1227 (11th Cir. 2005) .......................................................................................5, 12

*Avena v. Imperial Salon & Spa, Inc.*,
740 F. App'x 679 (11th Cir. 2018) .......................................................................................11

*ConSeal Int'l Inc. v. Neogen Corp.*,
2020 WL 2494596 (S.D. Fla. May 14, 2020) ................................................................7, 8, 10

*In re Engle Cases*,
767 F.3d 1082 (11th Cir. 2014) ...........................................................................................12

*Foman v. Davis*,
371 U.S. 178 (1962)........................................................................................................5, 12

*Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*,
2021 WL 1062589 (S.D. Fla. Mar. 18, 2021)..........................................................................5

*John Morrell & Co. v. Royal Caribbean Cruises Ltd.*,
243 F.R.D. 699 (S.D. Fla. 2007)............................................................................................8

*Long v. Satz*,
181 F.3d 1275 (11th Cir. 1999) ...........................................................................................11

*Lucas v. USAA Cas. Ins. Co.*,
716 F. App'x 866 (11th Cir. 2017) .........................................................................................9

*Marchelletta v. Bergstrom*,
2017 WL 5505301 (N.D. Ga. Feb. 15, 2017) .......................................................................12

*Mesa v. Pa. Higher Educ. Assistance*,
2018 WL 624492 (S.D. Fla. Jan. 30, 2018) ............................................................................6

*United States ex rel. Olhausen v. Arriva Med., LLC*,
511 F. Supp. 3d 1278 (S.D. Fla. 2021) ...................................................................................9

*Payne v. C.R. Bard, Inc.*,
606 F. App'x 940 (11th Cir. 2015) .........................................................................................9

*Perricone v. Carnival Corp.*,
  2018 WL 10398897 (S.D. Fla. Feb. 14, 2018) ........................................................5

*Pinkhasov v. Columbia Debt Recovery, LLC*,
  2020 WL 13389818 (S.D. Fla. Dec. 23, 2020) .....................................................11

*Posner v. Essex Ins. Co., Ltd.*,
  178 F.3d 1209 (11th Cir. 1999) ...........................................................................11

*Quinn v. Deutsche Bank Nat'l Tr. Co.*,
  625 F. App'x 937 (11th Cir. 2015) .......................................................................10

*Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp., LLC*,
  2018 WL 3110784 (S.D. Fla. May 21, 2018) .......................................................4, 6

*S. Grouts & Mortars, Inc. v. 3M Co.*,
  575 F.3d 1235 (11th Cir. 2009) ...........................................................................10

*Sanchez v. H & R Maint., L.C.*,
  294 F.R.D. 677 (S.D. Fla. 2013).......................................................................9, 11

*Sosa v. Airprint Sys., Inc.*,
  133 F.3d 1417 (11th Cir. 1998) ...........................................................4, 5, 8, 11, 12

*Taylor v. Royal Caribbean Cruises Ltd.*,
  2021 WL 148797 (S.D. Fla. Jan. 15, 2021) ........................................................5, 9

*Yule v. Ocean Reef Cmty. Ass'n*,
  2020 WL 5216993 (S.D. Fla. Sept. 1, 2020) .....................................................12, 13

*Zarrella v. Pac. Life Ins. Co.*,
  809 F. Supp. 2d 1357 (S.D. Fla. 2011) ................................................................14

**Treatises**

6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487
  (3d ed. updated July 2022)...................................................................................14

Defendant United Therapeutics Corporation ("UT") respectfully requests that the Court reconsider its October 27, 2022 Order granting Plaintiffs' motion for leave to file a Second Amended Complaint and instead deny Plaintiffs' motion.  Defendants UT and Smiths Medical ASD, Inc. ("Smiths") did not have the opportunity to oppose Plaintiffs' motion because the Court granted it before the fourteen days allotted under Local Rule 7.1(c)(1) had run.  UT wanted to raise for this Court that the more-stringent Rule 16(b) standard governs Plaintiffs' motion for leave, because the deadline to amend and join additional parties expired *more than one year ago*, on October 15, 2021.  Plaintiffs cannot demonstrate that they acted with the requisite diligence in seeking to amend the complaint, much less the diligence required by Rule 16(b).  Nor is amendment proper under the Rule 15(a) standard cited by Plaintiffs because of the clear undue delay and the resulting prejudice to UT.  Plaintiffs seek to radically expand their complaint by adding five new parties and additional new claims—two years into this litigation, long after the deadline in the Amended Scheduling Order, and long after Plaintiffs knew about all the information they have now included in their amendment.  Plaintiffs' motion for leave should be denied.

## BACKGROUND

Plaintiffs initially filed their Complaint in the District of Massachusetts over two years and three months ago on July 27, 2020, D.E. 1, and UT filed an Answer more than one year and nine months ago on January 26, 2021, D.E. 43.  After the action was transferred from the District of Massachusetts to this Court, the Parties agreed in their Joint Scheduling Report to a deadline of October 15, 2021 for Plaintiffs to file any motion to amend the Complaint or seek joinder of additional parties, D.E. 85, 85-1.  The Court entered a Scheduling Order setting that deadline.  D.E. 97.  The Joint Scheduling Report also made clear that UT intended to file a Motion for Judgment

1

on the Pleadings by October 15, 2021 that would "present grounds for entirely disposing of this case or, at a minimum, substantially narrowing the claims at issue." D.E. 85 at 3.

Despite knowing that UT would move for judgment on the pleadings, Plaintiffs never disclosed their intent to seek leave to amend the complaint the first time. In fact, the Parties conferred twice about UT's Motion for Judgment on the Pleadings prior to filing. D.E. 105-2, 105-3. Despite these communications, on the evening of October 15, 2021—the day UT would file its Motion for Judgment on the Pleadings—Plaintiffs blindsided UT by filing an unauthorized amended complaint that effectively added on a new case based on entirely new events, transactions, parties, theories of liability, and different time periods. D.E. 93. That new complaint introduced a purported antitrust conspiracy involving a new plaintiff, two new defendants, 141 additional paragraphs of allegations, two new antitrust counts arising under the laws of eight states and Puerto Rico, and a new racketeering claim under Florida law. *Id.* Plaintiffs never conferred with UT or sought leave from the Court to amend in advance of filing the Amended Complaint, forcing UT to incur time and expenses preparing a comprehensive dispositive motion that Plaintiffs knew would be rendered moot. D.E. 94.

Plaintiffs did not properly seek leave to amend their complaint until October 21, 2021, a week after the deadline in the Court's Scheduling Order. D.E. 98. UT opposed that motion primarily on the basis that it was untimely under the Scheduling Order, and Plaintiffs had utterly failed to act with the diligence required under Rule 16(b) to permit an untimely amendment. D.E. 105. Ultimately, the Court acknowledged that "[UT]'s position [was] not entirely without merit," but nonetheless permitted Plaintiffs to amend because the motion for leave "was filed only days after the original deadline," and due to the "early stage" of the case. D.E. 116.

In the days that followed, the Parties filed a Joint Motion to Modify the Scheduling Order setting new dates.  D.E. 144.  In their Proposed Amended Scheduling Order, the Parties explicitly maintained the existing October 15, 2021 deadline for "[j]oinder of any additional parties and filing of motions to amend the complaint"—which had already expired.  D.E. 144-1.  The Court reaffirmed that deadline in its February 18, 2022 Amended Scheduling Order.  D.E. 147.  Thus, in two separate orders, this Court affirmed the October 15, 2021 deadline to amend and add new parties.

UT moved to dismiss the Amended Complaint on December 15, 2021, D.E. 129, and Smiths followed suit on February 4, 2022, D.E. 143.  In March 2022 and during briefing, Plaintiffs suggested to Smiths "that they intended to file a new Amended Complaint" yet again.  D.E. 189 at 3, 5, 189-1.  Indeed, in their March 28, 2022 opposition to Smiths's motion to dismiss, Plaintiffs stated:

> *Plaintiffs have recently uncovered new evidence that points to the addition of indispensable parties.*  In the interest of efficiency, Plaintiffs' counsel conferred with counsel for Smiths' discussing a stay of briefing on the motion for Plaintiffs to prepare an amended complaint. Smiths' denied Plaintiffs' request, requiring Plaintiffs' response and forcing this Court to face briefing that will be mooted should Plaintiffs be granted leave to amend.

D.E. 156 at 20 n.29 (emphasis added).  Despite representing to the Court in ***March 2022*** that they had "new evidence" and additional "indispensable parties," Plaintiffs never sought to amend in the ***seven months*** that Defendants' motions to dismiss were pending.

Ultimately, the Court issued a Report and Recommendation finding that each and every claim in the Amended Complaint should be dismissed.  D.E. 163.  Plaintiffs objected to the Court's recommendation on all claims, D.E. 166, but the Report and Recommendation was affirmed and adopted in its entirety, D.E. 172.  This time, Plaintiffs' blindsiding of UT with a massive amended complaint was even more egregious than the last.  Plaintiffs waited twenty-nine days after the order

affirming the Report and Recommendation to seek to amend their complaint—more than a *full year* (372 days) after the deadline in the Court's Scheduling Orders for seeking amendment or joining new parties.  Plaintiffs' Proposed Second Amended Complaint also, again, adds a host of new claims and defendants:  67 pages (for a total of 158), 461 paragraphs (for a total of 840), 6 new claims (for a total of 15) ***against 5 new defendants (for a total of 8)***, and 49 new exhibits (for a total of 63).  These new defendants include four specialty pharmacies—*an entirely new category of defendant*—and another patient assistance charity.  And just as Plaintiffs did the last time, they again violated Local Rule 7.1(a)(3) by failing to meet and confer about their intent to seek leave to amend or provide any notice to UT whatsoever.  Six days after Plaintiffs filed their motion for leave to amend, the Court issued an order granting the motion before UT or Smiths had an opportunity to respond.  D.E. 176.

## LEGAL STANDARD

Reconsideration is justified where there is "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *AL-Ghena Int'l Corp. v. Radwan*, 2015 WL 13031991, at *1 (S.D. Fla. Oct. 16, 2015). While "[a] motion for reconsideration should also not be used as a vehicle to reiterate arguments previously made,"  such a motion "would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp., LLC*, 2018 WL 3110784, at *1 (S.D. Fla. May 21, 2018) (Torres, J.).

Plaintiffs' underlying motion for leave to amend is governed by Rules 16(b) of the Federal Rules of Civil Procedure.  Because the Court entered the Amended Scheduling Order setting a deadline of October 15, 2021 to seek leave to amend or to join additional parties, D.E. 147, that Order "may be modified only upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d

1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4).   "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"   *Id.* (citing Fed. R. Civ. P. 16 advisory committee's note).   Since Plaintiffs seek an untimely amendment under the Scheduling Order, they must "demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)."   *Id.* at 1419; *Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*, 2021 WL 1062589, at *1 (S.D. Fla. Mar. 18, 2021).   Rule 16(b)'s "good cause" standard also applies after a dismissal without prejudice if the plaintiff could have amended earlier but instead "made the strategic choice to await the Court's ruling" dismissing its pending complaint.   *Taylor v. Royal Caribbean Cruises Ltd.*, 2021 WL 148797, at *3 (S.D. Fla. Jan. 15, 2021).

If—and only if—Plaintiffs satisfy the Federal Rule of Civil Procedure 16(b) standard does the Court analyze whether amendment is proper under Federal Rule of Civil Procedure 15(a).   *See Sosa*, 133 F.3d at 1419.   Under Rule 15(a), "a plaintiff may amend [its] complaint once as a matter of course within twenty-one days after service of an answer or motion to dismiss," and thereafter "a plaintiff may amend [its] complaint only with the opposing party's written consent or the court's leave."   *Perricone v. Carnival Corp.*, 2018 WL 10398897, at *1 (S.D. Fla. Feb. 14, 2018) (Gayles, J.); *see also* Fed. R. Civ. P. 15(a).   "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds," *Perricone*, 2018 WL 10398897, at *1, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**ARGUMENT**

I.     **Reconsideration Is Required To Prevent Clear Error and Manifest Injustice and Because Plaintiff's Motion Was Decided Without the Benefit of Adversarial Presentation.**

Reconsideration of the Court's order granting Plaintiffs leave to file their Second Amended Complaint is necessary to prevent error and manifest prejudice to UT.   Local Rule 7.1(c)(1) specifies that, for all motions, "each party opposing a motion shall file . . . an opposing memorandum of law no later than fourteen (14) days after service of the motion."  In spite of this rule and without prior warning, the Court entered its order granting Plaintiffs' motion only six days after it had been filed, preventing UT or Smiths from opposing.[1]  The amended complaint radically expands the scope of this litigation by adding five new parties and numerous new claims in violation of two of this Court's scheduling orders.  This Court has found reconsideration warranted when a party failed to attend a hearing due to improper notice of a scheduling change because "in the interests of justice," the litigant "should be entitled to present his arguments on the merits." *Mesa v. Pa. Higher Educ. Assistance*, 2018 WL 624492, at *3 (S.D. Fla. Jan. 30, 2018) (Torres, J.).  "A motion to reconsider would be appropriate where . . . the Court . . . has made a decision outside the adversarial issues presented to the Court by the parties."  *Rural Int'l Bank*, 2018 WL 3110784, at *1 (Torres, J.).

Because UT did not have an opportunity to respond, the Court has not considered the crucial countervailing facts and law that directly undercut Plaintiffs' ability to amend the Complaint at this late stage.  For example, Plaintiffs' motion never mentions that: (1) the deadline

---

[1] As this Court noted in its Order, Plaintiffs failed to comply with Local Rule 7.1(a)(3) by conferring with UT about their motion.  Had Plaintiffs not violated the rules—just as they did last time they sought amendment—this Court would have been apprised of UT's intent to submit an opposition.  Plaintiffs should not be effectively rewarded for disregarding this Court's long-standing and well-known pre-filing meet-and-confer requirement.

to amend and to join parties in the Court's Scheduling Order expired over a year ago on October 15, 2021; (2) their motion is accordingly governed by the more rigorous Rule 16(b) standard rather than Rule 15(a); (3) Plaintiffs informed Smiths that they intended to file an amended complaint in March 2022 and contemporaneously represented to this Court that in their last motion to dismiss briefing that they had discovered "new evidence"[2] and additional "indispensable parties," but nonetheless made no effort to amend until nearly seven months later; and (4) all of the newly added exhibits and underlying content have been publicly available (in some cases for several years) and *all of them* predate the filing of Plaintiffs' prior Amended Complaint.  As UT explains in greater detail below, these facts are fatal to Plaintiffs' motion, especially because Plaintiffs bear the burden of demonstrating "good cause" under Rule 16(b).  *ConSeal Int'l Inc. v. Neogen Corp.*, 2020 WL 2494596, at *6 (S.D. Fla. May 14, 2020).

If the Court grants leave to amend, UT will be forced to defend against 15 separate counts and 840 allegations based on conduct that allegedly occurred as far back as 2007.  *See, e.g.*, D.E. 175-1 ¶¶ 139–146.  Nor do these numbers fully convey the actual breadth of the case Plaintiffs seek to bring.  For example, Counts VII, X, and XI in the Proposed Second Amended Complaint purport to bring monopolization claims under the laws of nine states, restraint of trade claims under the laws of nine states, and consumer protection claims under the laws of ten states.  D.E. 175-1. Those *three* counts alone result in *twenty-eight different causes of action*, to say nothing of the additional twelve counts in the Proposed Amended Complaint.  Moreover, Plaintiffs seek to improperly join numerous specialty pharmacies—Express Scripts, Inc., Express Scripts Holding Company, Accredo Health Group, and CVS Health Corporation—as defendants in this matter,

---

[2] Plaintiffs have never indicated what this "new evidence" might have been.  Of the 49 new exhibits attached to the Proposed Second Amended Complaint, ***every one*** was publicly accessible at least seven months before Plaintiffs filed their *first* amended complaint in October 2021.

further disrupting UT's business and distracting UT and its executives.  This is to say nothing of the burdens this litigation will place on this Court or the incredible costs that UT and the other parties have expended and would be forced to continue to expend to defend against Plaintiffs' baseless allegations.  *See infra* 13–14.  However, this prejudice can be avoided if Plaintiffs are held to the deadline for amending and adding new parties that *they themselves accepted*.

## II.    Plaintiffs Did Not Exercise Any Diligence And Thus Cannot Meet Their Burden to Show Good Cause Under Rule 16(b).

Plaintiffs' motion for leave to amend should be denied because Plaintiffs failed to exercise any diligence in seeking to amend their deficient complaint and to join additional parties.  Not only does the Court's Amended Scheduling Order specify an October 15, 2021 deadline for "[j]oinder of any additional parties and filing of motions to amend the complaint," D.E. 147, but Plaintiffs also jointly agreed to maintain that deadline even after their *last* untimely amendment, D.E. 144-1.  Because Plaintiffs' motion to amend was filed more than a year after October 15, 2021, they "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)."  *Sosa*, 133 F.3d at 1419; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Rule 16(b)'s good cause standard "precludes modification [of the scheduling order] unless the schedule *cannot be met despite the diligence of the party seeking the extension*."  *Sosa*, 133 F.3d at 1418 (emphasis added).  Moreover, "[t]he burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order."  *ConSeal*, 2020 WL 2494596, at *6; *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D. Fla. 2007), *on reconsid. in part*, 2007 WL 2481528 (S.D. Fla. Sept. 4, 2007); *see also Sosa,* 133 F.3d at 1419 (11th Cir. 1998) (party seeking amendment "must first demonstrate good cause under

Rule 16(b)").[3]  These Rule 16(b) requirements apply with no less force where, as here, Plaintiffs seek to amend following dismissal.  *See, e.g.*, *United States ex rel. Olhausen v. Arriva Med., LLC*, 511 F. Supp. 3d 1278, 1282–83 (S.D. Fla. 2021) (applying Rule 16(b) in denying amendment after dismissal where the deadline to amend had passed); *Taylor*, 2021 WL 148797, at *3 (same); *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (affirming decision to strike amended complaint for failing to show good cause under Rule 16(b) when seeking untimely amendment after dismissal).

Plaintiffs do not (and cannot) show that they exercised any diligence at all, let alone diligence sufficient to permit their untimely amendment adding five new parties and numerous new claims.  The Eleventh Circuit in *Sosa* "considered three factors in assessing diligence": whether "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment."  *Sanchez v. H & R Maint., L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013) (citation omitted) (discussing *Sosa*).  Plaintiffs' motion for leave to amend makes no attempt to explain how any information included in the Proposed Second Amended Complaint was unavailable to them at the time they filed their previous amended complaint more than a year ago. In fact, while the Proposed Second Amended Complaint contains 49 new exhibits, each and every one of those new exhibits predate Plaintiffs' October 2021 amendment by at least seven months

---

[3] Some courts have required movants who seek to modify an expired scheduling order deadline to show "excusable neglect" under Federal Rule of Civil Procedure 6(b) in addition to "good cause" under Rule 16(b).  *See, e.g.*, *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) ("a party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect.").  For all of the same reasons Plaintiffs cannot satisfy the standards of Rules 16 and 15, Plaintiffs also cannot satisfy the "excusable neglect" standard.

and were readily available to Plaintiffs and the public.  Most or all are SEC filings.  The oldest

dates back to 2006 and the most recent is February 24, 2021—more than a year-and-a-half ago.

*See* D.E. 175, Exs. K and III.  The fact that this information was available to Plaintiffs prior to the

filing of Plaintiffs' First Amended Complaint demonstrates Plaintiffs' utter lack of diligence in

pursuing an amendment.  *See also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3

(11th Cir. 2009) ("The lack of diligence that precludes a finding of good cause . . . include[s] a

plaintiff's failure to seek the information it needs to determine whether an amendment is in

order."); *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015) ("[a]

plaintiff's request to amend his complaint based on facts already known to him before he filed suit

indicates a lack of diligence in prosecuting the suit" (citing *Sosa*, 133 F.3d at 1419)); *ConSeal*,

2020 WL 2494596, at *6 (same).

Even if Plaintiffs *could* demonstrate that they obtained some new information that was

somehow critical to their claims, they provide no explanation for why they delayed filing their

motion for leave to amend until now.  Plaintiffs made clear to Smiths that that "they intended to

file a new Amended Complaint" in March 2022, D.E. 189 at 3, 5; D.E. 189-1, and similarly

represented to this Court on March 28, 2022 that "Plaintiffs have recently uncovered new evidence

that points to the addition of indispensable parties," D.E. 156 at 20 n.29.  Instead, Plaintiffs sat on

whatever purported "new evidence" and "indispensable parties" they had discovered for the next

seven months while Smiths, UT, and the Court expended a great deal of time and expense briefing

and deciding the motions to the dismiss.  In fact, after this Court issued its Report and

Recommendation recommending dismissal of all of Plaintiffs' claims, Plaintiffs filed objections

challenging every component of the Report, further burdening Defendants and the Court.  D.E.

166.  This "delay[] in asking for amendment" after acquiring the information is precisely the lack

of diligence that forecloses amendment under Rule 16(b).  *Sanchez*, 294 F.R.D. at 679; *see, e.g.*, *id.* at 680 (finding a lack of diligence where "Plaintiff had in her possession all information needed to seek this very amendment, yet delayed in so moving"); *Sosa*, 133 F.3d at 1419 (finding lack of diligence where plaintiff learned relevant information but waited approximately six months before seeking to amend).[4]

These failures are even more compelling when considered against the procedural backdrop of this litigation.  Plaintiffs previously sought leave to amend after this *same October 15, 2021 deadline* had passed more than a year ago, and UT opposed that amendment for failure to show diligence under Rule 16(b).  D.E. 105.  The Court acknowledged that "[UT]'s position [was] not entirely without merit," but permitted Plaintiffs to amend because the motion for leave "was filed only days after the original deadline," and due to the "early stage" of the case.  D.E. 116.  After Plaintiffs filed their First Amended Complaint, the Parties and the Court maintained the October

---

[4] While Plaintiffs state in their motion that they "requested the opportunity for leave to amend to address any alleged deficiencies identified by UT" and Smiths in their opposition briefing for the motions to dismiss, D.E. 175 at 1 (citing D.E. 142 at 38), the Eleventh Circuit has explained that "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."  *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999).  Rather, "[f]iling a motion is the proper method to request leave to amend a complaint," and "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).  Nothing in Plaintiffs' opposition memoranda or objection can be construed as a proper motion for leave to amend.  Instead, Plaintiffs could have properly moved for leave to amend at any time had they wished to address the deficiencies that UT and Smiths identified in their motions. *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("we've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend").  At no point did the Court's Report and Recommendation or the Order so adopting grant Plaintiffs leave to amend and add new parties in the absence of a proper motion, nor would it have done so without seeing the proposed amendments, precisely to avoid the unwarranted expansion now looming over the litigation.  Even if amendment is warranted, it should be limited to resolving the issues underlying the Court's dismissal and not permit the joinder of five additional new parties and the exponential multiplication of claims.  *See, e.g.*, *Pinkhasov v. Columbia Debt Recovery, LLC*, 2020 WL 13389818, at *3 (S.D. Fla. Dec. 23, 2020) (denying motion to amend to the extent it sought to "add any new claims or make amendments other than those regarding standing").

15, 2021 deadline for amending and adding new parties, even while amending the rest of the schedule. D.E. 144-1, D.E. 147. Now, more than a year later, Plaintiffs seek to amend to join five new parties and add six new claims based on hundreds of new factual allegations. The Court should not allow Plaintiffs to flagrantly ignore the Court-imposed deadlines for a second time.

## III.  Plaintiffs Have Not Met Their Burden To Demonstrate That They Are Entitled To Amend Under Rule 15.

Plaintiffs also cannot meet their burden under the more-lenient Rule 15(a)(2) standard. *Sosa*, 133 F.3d at 1419. The Court has broad discretion to deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Andrx Pharms.*, 421 F.3d at 1236 (quoting *Foman*, 371 U.S. at 182). Moreover, "[t]he party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it." *In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014). Plaintiffs' motion must be denied for their undue delay and the undue prejudice to UT.

It is well-established that "a district court has discretion to deny leave to amend . . . when the moving party offers no adequate explanation for a lengthy delay." *Id.* at 1119 (collecting cases). Accordingly, "when a plaintiff fails to state a reason for failing to amend earlier, such as newly discovered facts, a change in law, or other mitigating circumstances, denying the motion to amend is especially proper." *Marchelletta v. Bergstrom*, 2017 WL 5505301, at *1 (N.D. Ga. Feb. 15, 2017). Plaintiffs' motion must be denied under Rule 15(a)(2) for the same reason that Plaintiffs have failed to demonstrate diligence under Rule 16(b): They cannot show that the amendment could not have been sought at a much earlier point in this litigation. *See Yule v. Ocean Reef Cmty. Ass'n*, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) ("Whether a delay is undue depends on: (1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount

of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings.").  As another court in this District has stated, "[j]ustice does not 'so require' that a court grant leave to amend where a party had knowledge of facts before or at the time of filing a pleading, yet did nothing to assert those facts." *Id.* at *4.  Those words resonate here.

Moreover, permitting Plaintiffs to amend the Complaint would prejudice UT and significantly complicate the issues before this Court by adding six new claims and five new defendants.  Not only does this litigation now involve entirely unrelated RICO and antitrust theories after the Court permitted Plaintiffs prior amendment in October 2021, but Plaintiffs have now taken this opportunity to expand their theories even further.  Rather than try to fix the defects identified by this Court in its order dismissing the Amended Complaint, Plaintiffs have added new claims under Section 1 and 2 of the Sherman Act and additional restraint of trade claims under the laws of *nine* different states.  Indeed, UT has now filed two dispositive motions, only to find itself back at square one more than two years into the litigation, facing an onslaught of brand new claims and brand new parties.  Plaintiff's new attempt to amend would expand this case into an amalgamated mess of eight defendants (twelve total parties) and disconnected events spanning at least twelve years.

Even if this case were to progress past the pleading stage, allowing Plaintiffs proposed amendments would only further burden everyone involved, including the Court, which devoted significant resources to resolving the challenges to the Amended Complaint while Plaintiffs took no action to pursue their desire to amend with new claims and add five new parties.  The coordination among so many parties around dispositive motions, discovery, scheduling, class certification, and trial would be unworkable.  *See* 6 Charles Alan Wright & Arthur R. Miller,

13

Federal Practice and Procedure § 1487 (3d ed. updated July 2022) ("if the court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial or that the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may be denied"). Similarly, the discovery burden on UT would be astronomical where the Proposed Second Amended Complaint also includes *six* separate classes, each of which purports to span a mind-blowing period of nearly *thirteen* years.  D.E. 175-1 ¶ 505; *see, e.g.*, *Zarrella v. Pac. Life Ins. Co.*, 809 F. Supp. 2d 1357, 1372–73 (S.D. Fla. 2011) (denying amended complaint adding ERISA claim where plaintiffs delayed adding the claim until almost one year after the action was filed and the new claim "constitutes an entirely new theory of liability and would require [defendant] to undertake a different defense strategy and tactics and [would] require significant new fact and expert discovery").  The undue prejudice of allowing amendment at this point requires denial of Plaintiffs' motion for leave.

## CONCLUSION

The Court should not permit Plaintiffs to flagrantly ignore the deadline for amending and adding new parties in both the Scheduling Order and Amended Scheduling Order.  The time for making *any* amendment and adding *any* new parties—let alone five of them—has long since passed.  It cannot be justified by Plaintiffs' reliance on new information, which was in the public domain for years and well before Plaintiffs filed their now dismissed Amended Complaint.  Rules 16 and 15 plainly require denial of Plaintiffs' motion for leave to amend and to join five new parties.

## <u>CERTIFICATE OF CONFERRAL</u>

Before filing this motion, I certify that I conferred with Plaintiffs' counsel, Adam S. Akeel,

Esq.  Plaintiffs object to this motion and state that any appeal of a magistrate judge's decision must

be in the form of objections.

<u>/s/ Raquel A. Rodriguez</u>

Dated: November 8, 2022                    Respectfully Submitted,

<u>/s/ Raquel A. Rodriguez</u>
Raquel A. Rodriguez, FL Bar No. 511439
Miranda L. Soto, FL Bar No. 637963
Daniel R. Lazaro, FL Bar No. 99021
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd, Suite 1500
Miami, FL 33131-1822
Telephone: 305.347.5913
Fax: 305.347.4089
raquel.rodriguez@bipc.com
miranda.soto@bipc.com
dan.lazaro@bipc.com

Andrew S. Tulumello (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 500
Washington, DC 20036
Telephone: 202.682.7000
Fax: 202.857.0940
drew.tulumello@weil.com

Luna Barrington (*pro hac vice*)
Aaron J. Curtis (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000
Fax: 212.310.8007
luna.barrington@weil.com
aaron.curtis@weil.com

*Attorneys for Defendant United Therapeutics
Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2022, I filed the foregoing document with this Court using the CM/ECF filing system.  This system sends notifications of such filing and service to all counsel of record.

/s/ Raquel A. Rodriguez