UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21317-GAYLES/TORRES

MSP RECOVERY CLAIMS, SERIES
LLC, a Delaware series limited liability
company, MSPA CLAIMS I, LLC, a Florida
limited liability company, and Series PMPI, a
segregated series of MAO-MSO RECOVERY
II, LLC, a Delaware series limited liability
company, and MSP RECOVERY CLAIMS
SERIES 44, LLC, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

CARING VOICE COALITION, INC.;
UNITED THERAPEUTICS CORPORATION;
SMITHS MEDICAL ASD, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS HOLDING
COMPANY; ACCREDO HEALTH GROUP; CVS
HEALTH CORPORATION; and ADIRA FOUNDATION;

    Defendants.
_____/

**MOTION FOR ENLARGEMENT OF TIME TO RESPOND AND
FOR LEAVE TO FILE A SEPARATE MOTION TO DISMISS TO SECOND AMENDED COMPLAINT**

    Defendant Adira Foundation, pursuant to Fed. R. Civ. P. 6(b) and S.D.L.R. 7.1, hereby files this Motion for Enlargement of Time to Respond and for Leave to File a Separate Motion to Dismiss the Second Amended Complaint, and in support thereof, states as follows.

    1.    On or about October 21, 2022 Plaintiffs served the Second Amended Complaint upon the Adira Foundation.

    2.    Subsequently, the undersigned counsel were retained during the week of November 22, 2022.

**GROUNDS FOR ENLARGEMENT**

3. Since being retained, the undersigned counsel have been getting up to speed on this matter, which already contains more than 200 docket entries, and analyzing the 163-page Second Amended Complaint.

4. Due to the press of other matters including, *inter alia*, previously scheduled hearings, depositions, conferences, and travel plans, the undersigned counsel require additional time to prepare a response to the Second Amended Complaint.

5. Significantly, this Court already has ordered that co-Defendants file their responses on or before January 16, 2023. [ECF No. 205].

6. Further, Defendants United Therapeutics Corporation and Smiths Medical ASD, Inc. have objected to the filing of the Second Amended Complaint and assert that Plaintiffs impermissibly expanded the scope of this action to include additional claims and newly named defendants in violation of the Court's Amended Scheduling Order, which set October 15, 2021 as the deadline for "joinder of any additional parties and filings of motion to amend the complaint." [ECF No. 147], [ECF No. 189], [ECF No. 190].

7. Based upon the foregoing, the Adira Foundation respectfully requests an enlargement through and including the same date, January 16, 2023, in which to serve a response to the Second Amended Complaint. To be clear, the Adira Foundation does not waive its defense of a lack of personal jurisdiction by having sought this enlargement of time to respond to the Second Amended Complaint.

8. No party would be prejudiced by this Court's grant of the requested enlargement of time – as evidenced by the Court's prior order extending the time for the other Defendants to respond to the Second Amended Complaint – nor is it made of purposes of delay.

**GROUNDS FOR LEAVE TO FILE A SEPARATE MOTION TO DISMISS**

9. The Adira Foundation recognizes the Court's Civil Procedures requiring that "[m]ultiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position."

10. Here, it's not so much that the Adira Foundation has "conflicts of position," rather, taking a preliminary "peek" at the Second Amended Complaint reveals that the Adira Foundation likely has discrete, separate bases for seeking the dismissal of the claims against it.

11. For example, a cursory review of the Second Amended Complaint reveals that Plaintiffs improperly "lump" the Adira Foundation as an interchangeable actor with co-Defendant Caring Voice Coalition, Inc. ("CVC"); Plaintiffs fail to allege facts that would invoke personal jurisdiction over the Adira Foundation (there are none); and Plaintiffs fail to allege independent acts demonstrating any conduct by the Adira Foundation that concern any of the allegations in question (all of which concern conduct that pre-date the existence of the Adira Foundation).

12. These defenses, and likely yet other defenses still to be identified, are unique to the Adira Foundation.

13. It would be prejudicial to the Adira Foundation to coordinate these unique arguments at the expense of a consolidated motion to dismiss.

14. Accordingly, the Adira Foundation submits that it should be permitted to assert separate grounds seeking dismissal of the Second Amended Complaint in its own motion to dismiss.

15. Pursuant to L.R. 7.1, a proposed Order is attached as Exhibit A.

**WHEREFORE**, the Adira Foundation respectfully requests that this Court enter an Order granting: (a) an enlargement of time to respond to the Second Amended Complaint through and including January 16, 2023; (b) permitting the Adira Foundation to file a separate response to the Second Amended Complaint; and (c) such further relief as this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1.A.3

On November 21, 2022, via e-mail, the undersigned conferred with Plaintiffs' counsel regarding the relief requested in this Motion, and Plaintiffs' counsel conditioned any agreement to an enlargement on the Adira Foundation's joining an omnibus response to the Second Amended Complaint filed by the other Defendants. On November 29, 2022, via e-mail, the undersigned counsel followed up and requested clarification for insisting on requiring the Adira Foundation to join an omnibus response. Plaintiffs' counsel has not yet responded, but the undersigned counsel will continue to confer in an attempt to resolve this disagreement.

That said, also on November 29, 2022, via telephone, the undersigned counsel conferred with:

Counsel for Defendant United Therapeutics Corporation, who does not object to the Adira Foundation filing a separate a motion to dismiss;

Counsel for Defendant CVS Corporation, who does not object to the Adira Foundation filing a separate a motion to dismiss;

Counsel for Defendant Smiths Medical ASD, Inc., who does not object to the Adira Foundation filing a separate a motion to dismiss; and

Counsel for Defendants Accredo Health Group, Express Scripts, Inc., and Express Scripts Holding Company, who does not object to the Adira Foundation filing a separate a motion to dismiss.

DIMOND KAPLAN & ROTHSTEIN, P.A.
OFFICES AT GRAND BAY PLAZA. 2665 SOUTH BAYSHORE DRIVE. PENTHOUSE 2B. MIAMI, FL 33133 TEL. 305.374.1920

Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
*Attorneys for Defendant*
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida  33133
Telephone:     (305) 374-1920
Facsimile:      (305) 374-1961

By: /s Lorenz Michel Prüss
    Lorenz Michel Prüss, Esq.
    Fla. Bar No.: 581305

Primary E-Mail Address:       LPruss@dkrpa.com
    Alexander M. Peraza, Esq.
    Fla. Bar. No.: 107044

Primary E-Mail Address:       Aperaza@dkrpa.com
Secondary E-Mail Address:   Mlopez@dkrpa.com
*Counsel for Adira Foundation*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on November 30, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF thereby serving all parties and counsel of record by electronic notification.

By:   /s Lorenz Michel Prüss
    Lorenz Michel Prüss

Page 3 of 3

DIMOND KAPLAN & ROTHSTEIN, P.A.
OFFICES AT GRAND BAY PLAZA. 2665 SOUTH BAYSHORE DRIVE. PENTHOUSE 2B. MIAMI, FL 33133 TEL. 305.374.1920