UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company, MSPA CLAIMS I, LLC, a Florida limited liability company, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, a Delaware series limited liability company, and MSP RECOVERY CLAIMS SERIES 44, LLC, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CARING VOICE COALITION, INC.; UNITED THERAPEUTICS CORPORATION; SMITHS MEDICAL ASD, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS HOLDING COMPANY; ACCREDO HEALTH GROUP; CVS HEALTH CORPORATION; and ADIRA FOUNDATION,

    Defendants.
_____/

Case No.: 1:21-cv-21317-GAYLES/TORRES

**PLAINTIFFS' MOTION TO SUPPLEMENT PLEADINGS PURSUANT TO RULE 15(d)**

**NOW COMES** Plaintiffs, MSP RECOVERY CLAIMS, SERIES LLC, MSPA CLAIMS I, LLC, MAO-MSO RECOVERY II, LLC, AND MSP RECOVERY CLAIMS SERIES 44, by and through their attorneys, ARMAS BERTRAN ZINCONE, AKEEL & VALENTINE, PLC, and MSP RECOVERY LAW FIRM, and hereby submits *Plaintiffs' Motion to Supplement Pleadings Pursuant to Rule 15(d)*. For the reasons stated in their Brief in Support, Plaintiffs respectfully request that this Honorable Court **GRANT** this motion in its entirety.

i

                                              Respectfully submitted,

Dated: February 17, 2023                         s/Eduardo Bertran_____
                                              Eduardo Bertran, FL Bar. No. 94087
                                              ARMAS BERTRAN ZINCONE
                                              4960 SW 72nd Ave., Ste 206
                                              Miami, FL 33155
                                              ebetran@armaslaw.com

                                              Michael O. Mena (FL Bar No. 010664)
                                              John W. Cleary (FL Bar No. 118137)
                                              Attorneys for Plaintiffs
                                              MSP RECOVERY LAW FIRM
                                              2701 S. LeJeune Rd., 10th Floor Coral Gables, FL 33134
                                              (305) 614-2222
                                              mmena@msprecoverylawfirm.com
                                              jcleary@msprecoverylawfirm.com

                                              Shereef H. Akeel (MI Bar No. 54345)
                                              Adam S. Akeel (MI Bar No. 81328)
                                              Sam Simkins (MI Bar No. 81210)
                                              Daniel Cermak (MI Bar No. 84460)
                                              Hayden Pendergrass (DC Bar No. P1645085)
                                              Attorneys for Plaintiffs
                                              AKEEL & VALENTINE, PLC
                                              888 W. Big Beaver Rd. 420,
                                              Troy, MI 48084
                                              Shereef@akeelvalentine.com
                                              adam@akeelvalentine.com
                                              sam@akeelvalentine.com
                                              daniel@akeelvalentine.com
                                              hayden@akeelvalentine.com

                                              *Attorneys for Plaintiffs*

### BRIEF IN SUPPORT

### FACTUAL & PROCEDURAL BACKGROUND

On July 27, 2020, Plaintiffs initiated this action in the U.S. District Court for the District of Massachusetts. [D.E. 1]. On April 6, 2021, this case was transferred to this Court. [D.E. 57].

On October 15, 2021, Plaintiffs filed their First Amended Complaint. [D.E. 93]. On July 21, 2022, following extensive briefing, Chief Magistrate Judge Edwin G. Torres issued a Report and Recommendation ("R&R"), recommending dismissal of this case without prejudice. [D.E. 163]. Magistrate Torres also recommended that Plaintiffs be permitted leave to amend, under Rule 15, to (1) "plead better facts to establish proximate cause between Assignors' injuries and Defendants' fraudulent conduct" and (2) to "establish antitrust standing[.]" [*Id*. at 34]. On September 23, 2022, the Honorable Judge Darrin P. Gayles affirmed and adopted the R&R, granted Defendants' Motions, and dismissed the Amended Complaint without prejudice. [D.E. 172].

On October 27, 2022, this Court granted Plaintiffs leave to file a Second Amended Complaint ("SAC"), which was filed that same day and promptly served upon each Defendant. [Docs. 176, 178]. On November 18, 2022, this Court ordered Defendants to file a response to Plaintiffs' SAC on or before January 16, 2023. [D.E. 205]. On December 14, 2022, this Court granted an additional extension for all Defendants to file a response on or before February 2, 2023. [Doc. 211]. On January 31, 2023, this Court granted an additional extension for all Defendants to file a response on or before March 3, 2023. [D.E. 230].

Previously however, while a portion of this case remained pending in Massachusetts for claims asserted against Caring Voice Coalition ("CVC"), Plaintiffs reached a confidential settlement with CVC by which CVC agreed to produce all records in its possession, custody, and

1

control. However, CVC substantially failed to comply with this agreement and despite numerous attempts by Plaintiffs, CVC has made no effort to cure these defects. While CVC did produce some documents, it is clear from the contents and structure of this production that it is woefully incomplete. Further, the documents that were produced were riddled with obstacles that made it unreasonably difficult to review—missing files, atypical file types, password protected folders, webs of empty folders, etc. As such, Plaintiffs have an appeal pending before the First Circuit on this matter. *MSP Recovery Claims, Series LLC et al. v. Caring Voice Coalition, et al.*, Case No. 22-1898 (1st Cir.).

Because of these difficulties, Plaintiffs were unable to substantially and effectively review these documents prior to the filing of the SAC, let alone search for grant information related to prescriptions for the specific UT Hypertension Drugs[1] that flowed through the illegal scheme outlined in the SAC. In the time between the filing of the SAC and now, Plaintiffs were able to work through those technical difficulties using a third-party vendor. As a result, Plaintiffs were able to identify and affirmatively confirm specific beneficiaries who were prescribed and dispensed one or more of the UT Hypertension Drugs as a direct result of the Co-Payment Circumvention scheme, resulting in payments from Plaintiffs' Assignors. These beneficiaries are just a sample of beneficiaries confirmed to have received co-pay assistance from CVC (with Defendants' funds), during the relevant time period. Plaintiffs were also able to identify specific claims that involved fraudulent submissions from, and direct payments to, the Pharmacy Defendants.[2]

---

[1] "UT Hypertension Drugs" refers to the following drugs manufactured by United Therapeutics Corporation ("UT"), 1) Adcirca; 2) Remodulin; 3) Tyvaso; and 4) Orenitram. [SAC ¶ 4].
[2] Currently, "Pharmacy Defendants" include Express Scripts, Inc., Express Scripts Holding Company, Accredo Health Group, (collectively referred to as "Express Scripts") and CVS Health

Plaintiffs now seek to supplement the SAC pursuant to Federal Rules of Civil Procedure ("Rule") 15(d) with the proposed paragraphs (and accompanying claims data) identified in **Exhibit C**. Concurrence has been sought and has thus far been withheld. [**Exhibit D** – Correspondence with Defendants].

## APPLICABLE LAW AND ARGUMENT

Rule 15(d) provides that the Court may permit a party to file supplemental pleadings setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." It "deals 'with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings.'" *McGrotha v. Fed Ex Ground Package Sys., Inc.*, 2007 WL 640457, at *2 (M.D. Ga. Feb. 24, 2007) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (1971)). "Notwithstanding the subtle differences between these two rules, the formal distinction between amendment and supplementation is of no consequence, and courts routinely apply Rule 15(a)'s 'freely given' standard to Rule 15(d) motions to supplement." *Berk v. Equifax, Inc.*, 2021 WL 2391466, at *2 (N.D. Ga. Apr. 28, 2021) (quoting *McGrotha*, 2007 WL 640457, at *2).

This Circuit has "accepted a policy of liberal amendment" under Rule 15(d). *U.S. for Use & Benefit of Krupp Steel Prod., Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987); *Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (courts in this circuit have ensured "the liberal allowance of . . . supplements to the pleading."). "A court's ultimate consideration in deciding whether to allow a party to supplement a pleading is whether the proposed supplementation would

---

Corporation ("CVS"). [SAC ¶ 2]. However, since filing the SAC, Plaintiffs have identified additional subsidiaries of Express Scripts and CVS that participated in one or both conspiratorial schemes identified in the SAC. Plaintiffs are awaiting Defendants' response regarding whether they will concur or object to adding those subsidiaries to the caption of the SAC. [**Exhibit A** – Correspondence with CVS]; [**Exhibit B** – Correspondence with Express Scripts].

3

promote the efficient administration of justice." *Nassar v. Nassar*, 2017 WL 26859, at *12 (M.D. Fla. Jan. 3, 2017), *aff'd*, 708 F. App'x 615 (11th Cir. 2017) (citing *W. Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016)). "Indeed, the Supreme Court has stated that supplementation can even include new claims and new parties."[3] *W. Ala. Women's Ctr.*, 318 F.R.D. at 147–48 (citing *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964)).

"[O]ne of the primary goals of Rule 15(d) is to aid in the complete resolution of disputes between parties." *W. Ala. Women's Ctr.*, 318 F.R.D. at 150 (citing *New Amsterdam v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963), *cert. denied*, 376 U.S. 963 (1964) (explaining that supplemental pleading "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted"). Rule 15(d) is "[s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears. . . ." *New Amsterdam Cas. Co.*, 323 F.2d at 28–29 (4th Cir. 1963). A Rule 15(d) supplementation is an appropriate vehicle where it has "some relation" to the pleading already before the court. *W. Ala. Women's Ctr.*, 318 F.R.D. at 148. "A court should also consider futility, prejudice, unreasonable delay, and efficiency associated with the requested supplement. Since none of these factors are necessarily dispositive, a court should weigh the totality of circumstances in reaching its decision." *One Step Up, Ltd. v. Wahoo Creek Trading Co., Inc.*, 2021 WL 9349804,

---

[3] As stated above, Plaintiffs are currently awaiting response on whether Express Scripts and CVS will concur to the addition of their following subsidiaries, 1) CVS Pharmacy, Inc.; 2) Caremark, LLC; 3) CuraScript, Inc.; 4) Priority Healthcare Corporation; and 4) Priority Healthcare Distribution, Inc. Accordingly, this motion does not seek to supplement the SAC with the addition of those parties, at this time. If concurrence is withheld, Plaintiffs will prepare a separate motion relating to those subsidiaries. *Fincher v. Georgia-Pac., LLC*, 2009 WL 2601322, at *1 (N.D. Ga. Aug. 24, 2009) (allowing addition of corporate affiliated party under rule 15 and 20 based on discovery of new facts regarding affiliates involvement).

4

at *2 (N.D. Ga. Mar. 16, 2021) (cleaned up).

In determining the extent of any prejudice or undue delay, courts in this circuit consider whether a scheduling order has been issued and whether the parties are far along into the discovery process. *See, e.g., W. Ala. Women's Ctr.*, 318 F.R.D. at 150–51; *Garner*, 216 F.3d at 988; *Robinson v. Marshall*, 2020 WL 1892578, at *4 (M.D. Ala. Apr. 16, 2020); *Garey v. James S. Farrin, P.C.*, 2018 WL 4688389, at *7 (M.D.N.C. Sept. 29, 2018) (motion under Rule 15(d) is not prejudicial in circumstances where the "litigation has not yet advanced beyond the motion-to-dismiss stage and discovery has not yet commenced."); *Thomas v. U.S. Bank Nat'l Ass'n*, 2014 WL 12284031, at *3 (N.D. Ga. Oct. 7, 2014) ("[T]he mere passage of time is generally an insufficient reason to deny leave to amend a complaint; it must be shown that the party seeking leave engaged in *undue delay*.") (citation omitted) (emphasis in original); *see also* 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.) (explaining that supplemental pleadings should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action").

Additionally, Rule 15(d) is appropriate where a plaintiff discovers "new facts" that have "some relation" to the allegations in the pleading to be supplemented. *Fincher*, 2009 WL 2601322, at *1; *Moss v. Hartford Life & Accident Ins. Co.*, 2010 WL 11613499, at *3 (S.D. Ga. May 18, 2010).

The SAC was filed on October 27, 2022. Since then, despite the obstructive measures taken by CVC to hinder Plaintiffs' ability to litigate this case, Plaintiffs were able to identify and confirm specific claims for UT's Hypertension Drugs that were 1) paid for by the Assignors; 2) involving co-payment by CVC during the relevant period; and 3) resulting in payments directly to the

5

Pharmacy Defendants. There is no evidence of any dilatory tactic, or bad faith, to justify denying Plaintiffs' attempt to supplement their pleading at this stage with additional evidence in support of their claims. Rather, allowing Plaintiffs to supplement their Complaint with the addition of paragraphs 87(a) and 87(b) and its accompanying exhibit of specific claims, as reflected in **Exhibit C**, would be in "continuation[] of the earlier pleadings" *McGrotha*, 2007 WL 640457, at *2, and would "aid in the complete resolution of disputes between parties." *W. Ala. Women's Ctr.*, 318 F.R.D. at 150.  Additionally, given the fact "litigation has not yet advanced beyond the motion-to-dismiss stage and discovery has not yet commenced," Defendants will not be prejudiced by the relief sought. *Garey*, 2018 WL 4688389, at *7.

## CONCLUSION

**WHEREFORE**, Plaintiffs, by and through its attorneys, respectfully request this Honorable Court **GRANT** this motion and permit Plaintiffs to supplement their Complaint with Proposed Paragraphs 87(a) and 87(b), and its accompanying exhibit, as reflected in **Exhibit C.**

Respectfully submitted,

Dated: February 17, 2023

s/Eduardo Bertran
Eduardo Bertran, FL Bar. No. 94087
ARMAS BERTRAN ZINCONE
4960 SW 72nd Ave., Ste 206
Miami, FL 33155
ebetran@armaslaw.com

Michael O. Mena (FL Bar No. 010664)
John W. Cleary (FL Bar No. 118137)
Attorneys for Plaintiffs
MSP RECOVERY LAW FIRM
2701 S. LeJeune Rd., 10th Floor Coral Gables, FL 33134
(305) 614-2222
mmena@msprecoverylawfirm.com
jcleary@msprecoverylawfirm.com

Shereef H. Akeel (MI Bar No. 54345)
Adam S. Akeel (MI Bar No. 81328)
Sam Simkins (MI Bar No. 81210)
Daniel Cermak (MI Bar No. 84460)
Hayden Pendergrass (DC Bar No. P1645085)
Attorneys for Plaintiffs
AKEEL & VALENTINE, PLC
888 W. Big Beaver Rd. 420,
Troy, MI 48084
Shereef@akeelvalentine.com
adam@akeelvalentine.com
sam@akeelvalentine.com
daniel@akeelvalentine.com
hayden@akeelvalentine.com

*Attorneys for Plaintiffs*