UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21317-GAYLES/TORRES

MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company, MSPA CLAIMS I, LLC, a Florida limited liability company, and Series PMPI, a segregated series of MAO-MSO RECOVERY II, LLC, a Delaware series limited liability company, and MSP RECOVERY CLAIMS SERIES 44, LLC, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CARING VOICE COALITION, INC.; UNITED THERAPEUTICS CORPORATION; SMITHS MEDICAL ASD, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS HOLDING COMPANY; ACCREDO HEALTH GROUP; CVS HEALTH CORPORATION; and ADIRA FOUNDATION,

    Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE SECOND AMENDED COMPLAINT**

Defendants United Therapeutics Corporation ("UT"), Smiths Medical ASD, Inc. ("Smiths"), Express Scripts, Inc., Express Scripts Holding Company, Accredo Health Group, and CVS Health Corporation (collectively, "Defendants")[1] respectfully submit the following opposition to Plaintiffs' motion to supplement the Second Amended Complaint. D.E. 235.

## INTRODUCTION

Just two days after the Court concluded that Plaintiffs failed to comply with the good-faith conferral requirements under the Local Rules when moving to file their Second Amended Complaint, Plaintiffs violated Local Rule 7.1(a)(3) once again when they moved to supplement their Second Amended Complaint without first conferring in good faith with Defendants. This Court should deny Plaintiffs' attempt to modify their Second Amended Complaint because Plaintiffs failed to act diligently or without undue delay in seeking this latest "supplement" to their pleadings. Furthermore, the Court should deny Plaintiffs' motion because Plaintiffs' counsel yet again disregarded this Court's order and the Local Rules prior to filing the motion.

Plaintiffs filed this motion only one day after emailing the parties seeking consent to "supplement" their Second Amended Complaint with an exhibit. When Defendants responded the same day and requested that Plaintiffs send them the exhibit to review, Plaintiffs refused to provide the exhibit. When UT then responded by seeking additional information about the proposed supplement, Plaintiffs ignored that request and filed the motion instead. Plaintiffs did so without responding to UT's request, without including any of Defendants' positions as requested, and without providing the Court with the required certificate of conferral. What is more, Plaintiffs misrepresented the meet-and-confer process to the Court when they failed to provide the Court

---

[1] By joining this response in opposition, CVS Health Corporation and Express Scripts Holding Company do not intend to waive and do not waive their defenses of lack of personal jurisdiction.

with the full email exchange between the Parties which explained that UT needed additional information before it could consent to the supplement.

Plaintiffs continue to violate this Court's Local Rules after the Court has already warned them once that "***future motions that are filed without the required Rule 7.1 certificate of conferral may be summarily denied***"—a warning Plaintiffs did not heed. D.E. 176 (emphasis added). In fact, this marks the *third* time in this litigation that Plaintiffs have failed to properly meet and confer before seeking to modify their pleadings in violation of Local Rule 7.1(a)(3), each time prejudicing UT and other Defendants in the case. Plaintiffs' disregard for the Local Rules and bad faith should no longer be countenanced. The Court should deny Plaintiffs' motion accordingly.

## BACKGROUND

**A.     Plaintiffs Violated Local Rule 7.1(a)(3) by Failing to Confer with UT Before Filing Their First Amended Complaint.**

After this action was transferred from the District of Massachusetts to this Court, the Court entered a Scheduling Order setting October 15, 2021 as the agreed upon deadline for Plaintiffs to file any motion to amend the Complaint or seek joinder of additional parties. D.E. 97. The Parties' Joint Scheduling Report also made clear that UT intended to file a Motion for Judgment on the Pleadings by October 15, 2021 that would "present grounds for entirely disposing of this case or, at a minimum, substantially narrowing the claims at issue." D.E. 85 at 3.

Despite knowing that UT would move for judgment on the pleadings, Plaintiffs never disclosed their intent to move for leave to amend the complaint the first time. In fact, the Parties conferred twice about UT's motion for judgment on the pleadings prior to filing. D.E. 105-2, 105-3. Despite these communications, on the evening of October 15, 2021—the day UT would file its motion for judgment on the pleadings—Plaintiffs filed an unauthorized First Amended Complaint

that effectively added on a new case based on entirely new events, transactions, parties, theories of liability, and time periods. D.E. 93. Plaintiffs never conferred with UT or sought leave from the Court to amend in advance of filing the First Amended Complaint, forcing UT to needlessly incur substantial time and expenses preparing a comprehensive dispositive motion that Plaintiffs knew would be rendered moot. D.E. 94.

**B.    Plaintiffs *Again* Violated Local Rule 7.1(a)(3) by Failing to Confer with UT and Smiths Before Requesting Leave to File Their Second Amended Complaint.**

In the days that followed, the Parties filed a Joint Motion to Modify the Scheduling Order setting new dates. D.E. 144. The Court adopted the Parties' proposal to keep the existing October 15, 2021 deadline for "[j]oinder of any additional parties and filing of motions to amend the complaint"—which had already expired. D.E. 147.

UT moved to dismiss the First Amended Complaint on December 15, 2021, D.E. 129, and Smiths followed suit on February 4, 2022, D.E. 143. In Plaintiffs' March 28, 2022 opposition to Smiths's motion to dismiss, Plaintiffs indicated that they "have recently uncovered new evidence that points to the addition of indispensable parties" and that they had conferred with Smiths's counsel about filing another amended complaint. D.E. 156 at 20 n.29. Plaintiffs' filings in their litigation against CVC in the District of Massachusetts indicate that they received documents from CVC in connection with their settlement around the same time and no later than March 10, 2022. *See* Motion to Reopen Case ¶¶ 6–7, *MSP Recovery Claims, Series LLC v. Caring Voice Coalition, Inc.*, No. 1:20-cv-11418-WGY (D. Mass. May 18, 2022), D.E. 70 ("CVC produced documents pursuant to the Settlement one day before the Court's deadline to reopen the case. , , , Accordingly, on March 10, 2022, Plaintiffs moved to reopen the case, or in the alternative to allow Plaintiffs additional time to review the documents produced by CVC."); Motion to Reopen Action ¶¶ 6, *MSP Recovery Claims*, No. 1:20-cv-11418-WGY (D. Mass. March 10, 2022), D.E. 68 ("On March 10,

3

2022, one day before the Court's deadline, Defendant took substantial steps towards compliance with the Settlement."). Months passed, however, and yet Plaintiffs took no action to amend or supplement their operative pleadings.

Ultimately, the Court issued a Report and Recommendation finding that each and every claim in the First Amended Complaint should be dismissed. D.E. 163. Plaintiffs objected to the Court's Report and Recommendation on all claims, D.E. 166, but on September 23, 2022, the Report and Recommendation was affirmed and adopted in its entirety, D.E. 172.

Just as they did when filing the First Amended Complaint, on October 21, 2022, Plaintiffs once again blindsided UT (and now Smiths) by filing a motion seeking leave to file another massive amended complaint—without attempting to meet and confer about amendment, in clear violation of Local Rule 7.1(a)(3). D.E. 175. Six days after Plaintiffs filed their motion for leave to amend, the Court issued an order granting the motion before UT or Smiths had an opportunity to respond. D.E. 176. In doing so, the Court warned Plaintiffs that "***future motions that are filed without the required Rule 7.1 certificate of conferral may be summarily denied***." *Id.* (emphasis added).

As the Court later explained, "[b]ecause Plaintiffs failed to inform the Court whether Defendants opposed Plaintiffs' motion for leave to file their second amended complaint . . . [t]he Court mistakenly assumed the motion was unopposed." D.E. 232 at 2–3. UT and Smiths were instead left to file a motion for reconsideration and an objection to the order, respectively, in order to ensure their oppositions to amendment were heard. UT and Smiths both argued that Rule 16(b) foreclosed Plaintiffs' Second Amended Complaint given that it was filed more than a year after the deadline under the operative scheduling order. On February 15, 2023, the Court denied UT's motion for reconsideration. *Id.*

**C.     Plaintiffs Violated Local Rule 7.1(a)(3) a *Third* Time by Failing to Meet and Confer in Good Faith and Subsequently Misrepresenting Their Discussions to the Court.**

On February 16, 2023, just one day after the Court denied UT's motion for reconsideration (and two weeks before Defendants' motions to dismiss are due), Plaintiffs' counsel contacted Defendants' counsel requesting consent to "supplement" their operative Second Amended Complaint yet again. Plaintiffs provided Defendants with little detail about the proposed supplement, saying only that they had "recently identified specific claims paid by Plaintiffs' Assignors as a result of the Co-Payment Circumvention Scheme" and would submit an exhibit with "an excel sheet identifying claims relating to specific beneficiaries that were funneled through CVC, resulting in payment to Defendants for the drugs at issue in this case." Ex. A, Email Correspondence with A. Akeel at 10.

That same day, UT's counsel informed Plaintiffs' counsel that it could not stipulate or object to the filing of the exhibit without first reviewing the exhibit and asked for a copy. *Id.* at 7–9. The other Defendants likewise took the same position. *Id.* at 4–6. Plaintiffs' counsel refused to provide the exhibit even when UT's counsel expressly reminded Plaintiffs' counsel of their obligation to confer in good faith under Local Rule 7.1. *Id.* at 2–3, 7. The next day, because Plaintiffs' request to supplement the complaint is governed by Rules 16(b) and 15(d), both of which require an evaluation of diligence and delay among other things, UT's counsel asked Plaintiffs' counsel to provide specific information that would enable it to evaluate whether to stipulate or oppose the request, including when Plaintiffs had first come into possession of the information Plaintiffs seek to add to the operative complaint. *Id.* at 1. UT's counsel again reminded Plaintiffs' counsel that "[i]n the Southern District of Florida, sending an email and demanding a near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a good faith conference." *Id.* at 1-2.

5

Around three hours later (and only a single day after first contacting Defendants to "confer"), on February 17, 2023, Plaintiffs filed their motion to supplement. D.E. 235. Plaintiffs never responded to or acknowledged UT's request for additional information before filing (or after, for that matter). Plaintiffs also failed to include a Local Rule 7.1 certificate of conferral in their motion, in spite of the Court's prior admonishments and UT's reminders of Plaintiffs' obligations during the truncated conferral process. Instead, Plaintiffs write only that "[c]oncurrence has been sought and has thus far been withheld," D.E. 235 at 3, which omits all of the details of the dialogue with Defendants' counsel and flagrantly disregards UT's request that Plaintiffs "state UT's position that UT was unable to stipulate or object to the proposed exhibit because Plaintiffs refused to provide it to UT before filing their motion," as well as similar requests made by the other Defendants. Ex. A at 4–7. Most egregiously, Plaintiffs submit an earlier version of the email chain between the Parties that fails to include the most recent email in which UT requests necessary information about the exhibit and explains why Plaintiffs have not engaged in a good-faith conference. *Compare* Ex. A, *with* D.E. 235-5. Plaintiffs' counsel received UT's email several hours before filing their motion but nonetheless provided the Court with an incomplete view of the Parties' discussions.

Plaintiffs seek to supplement their Second Amended Complaint with two allegations and an exhibit containing 16 pages (an estimated 800 separate rows) of largely indecipherable data. Plaintiffs assert that they received documents from CVC as part of a settlement, but "[b]ecause of . . . difficulties, Plaintiffs were unable to substantially and effectively review these documents prior to the filing of the SAC." D.E. 235 at 4. Plaintiffs claim that they "were able to work through those technical difficulties using a third-party vendor." *Id.* But Plaintiffs fail to justify why it took them nearly a year after they apparently received this additional information from CVC to hire a

6

third-party vendor to resolve whatever "difficulties" they claim existed with reviewing the documents. Moreover, Plaintiffs never raised any of these issues with the Court or Defendants or sought additional time because of purported difficulties with reviewing the information that CVC provided.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A motion for leave to supplement under Rule 15(d) is generally governed by the same standard applied to a motion for leave to amend under Rule 15(a). *Reef Azul, LLC v. Potter*, 2022 WL 17656077, at *1 (S.D. Fla. Aug. 26, 2022). As the parties seeking leave to supplement, Plaintiffs bear the burden of establishing their entitlement. *See In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014) (stating the burden when a party seeks to amend under Rule 15); *ConSeal Int'l Inc. v. Neogen Corp.*, 2020 WL 2494596, at *6 (S.D. Fla. May 14, 2020) ("[t]he burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order").

"When a motion to supplement is filed after the scheduling order's deadline, however, a party must first demonstrate good cause under Rule 16(b) before a court can consider whether supplementation is proper under Rule 15(d)." *McGrotha v. Fed Ex Ground Package Sys., Inc.*, 2007 WL 640457, at *2 (M.D. Ga. Feb. 24, 2007); *AT & T Mobility, LLC v. Digital Antenna, Inc.*, 2010 WL 3608247, at *2 (S.D. Fla. Sept. 9, 2010). Because the Court entered the Amended Scheduling Order setting a deadline of October 15, 2021 to seek leave to amend or to join additional parties, D.E. 147, that Order "may be modified only upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the

7

diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's note). Since Plaintiffs seek to supplement their complaint after the deadline for amendment, they must "demonstrate good cause under Rule 16(b) before [the Court] will consider whether [supplementation] is proper under Rule 15(a)." *Id.* at 1419 (addressing amendment); *Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*, 2021 WL 1062589, at *1 (S.D. Fla. Mar. 18, 2021). Rule 16(b)'s "good cause" standard also applies after a dismissal without prejudice if the plaintiff could have amended earlier but instead "made the strategic choice to await the Court's ruling" dismissing its pending complaint. *Taylor v. Royal Caribbean Cruises Ltd.*, 2021 WL 148797, at *3 (S.D. Fla. Jan. 15, 2021).

If—and only if—Plaintiffs satisfy the Rule 16(b) standard does the Court analyze whether amendment is proper under the Rule 15(a) standard. *See Sosa*, 133 F.3d at 1419. Even applying that more lenient standard, "a court may deny a supplement to a complaint for 'any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *AT & T Mobility*, 2010 WL 3608247, at *2 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

**ARGUMENT**

**I.   Plaintiffs' Cannot Establish that They Acted with Diligence or Without Undue Delay as Required by Rules 16 and 15.**

Plaintiffs' proposed supplement should be denied under both the governing Rule 16(b) and Rule 15(a) standards. Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. The Eleventh Circuit in *Sosa* "considered three factors in assessing diligence": whether "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information

8

during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Sanchez v. H & R Maint., L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013) (citation omitted) (discussing *Sosa*). Similarly, courts have discretion under Rule 15 to deny such motions in cases of undue delay. *See Yule v. Ocean Reef Cmty. Ass'n*, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) ("Whether a delay is undue depends on: (1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings.").

Plaintiffs' motion to supplement the Second Amended Complaint comes more than two and a half years into this litigation, nearly a year and a half after the deadline to amend in the operative scheduling order, and only *two days* after litigation concluded over Plaintiffs' prior delay in seeking to amend to add new parties and new allegations. When considering whether Plaintiffs acted with the necessary diligence or with undue delay, the key consideration is when the Plaintiffs possessed or could have possessed the information they seek to add. "Justice does not 'so require' that a court grant leave to amend [or supplement] where a party had knowledge of facts before or at the time of filing a pleading, yet did nothing to assert those facts." *Yule*, 2020 WL 5216993, at *4 (addressing Rule 15(a)); *see also Sanchez*, 294 F.R.D. at 680 (finding a lack of diligence under Rule 16(b) where "Plaintiff had in her possession all information needed to seek this very amendment, yet delayed in so moving"); *Sosa*, 133 F.3d at 1419 (finding lack of diligence where plaintiff learned relevant information but waited before seeking to amend).

Plaintiffs claim to have received documents in their settlement with CVC and sought assistance from a third-party vendor, but they take great care to make few representations about

9

the timing of these events. Plaintiffs specifically avoid telling the Court (1) when they first came into possession of the documents or information underlying the spreadsheet in their exhibit, (2) what work was performed by a third-party vendor and on what subset of documents, (3) when that work began, and (4) exactly when that work was completed. UT requested much of this information from Plaintiffs in their meet-and-confer communications, but Plaintiffs ignored that request. Ex. A at 1. Without providing this information, Plaintiffs cannot meet their burden under either Rule 16(b) or Rule 15(a).

In the absence of information, Defendants can only attempt to piece together the timing from other sources. Plaintiffs' own filings in their litigation against CVC in the District of Massachusetts indicate that Plaintiffs received documents from CVC by *March 10, 2022*. *See* Motion to Reopen Case ¶¶ 6–7, *MSP Recovery Claims, Series LLC v. Caring Voice Coalition, Inc.*, No. 1:20-cv-11418-WGY (D. Mass. May 18, 2022), D.E. 70 ("CVC produced documents pursuant to the Settlement one day before the Court's deadline to reopen the case. , , , Accordingly, on March 10, 2022, Plaintiffs moved to reopen the case, or in the alternative to allow Plaintiffs additional time to review the documents produced by CVC."). Plaintiffs never mention receiving any additional documents from CVC in later filings, and CVC made clear that it had provided all of the documents in its possession. Opposition to Motion for Clarification at 2, *MSP Recovery Claims*, No. 1:20-cv-11418-WGY (D. Mass. July 19, 2022), D.E. 75 ("The substance of the Settlement Agreement required CVC to produce all documents in its possession, custody or control concerning this dispute, which CVC has done."). Thus, the information in the public record appears to show that Plaintiffs had possession of documents they received from CVC *for almost a year* prior to this proposed supplement. Moreover, Plaintiffs' failed attempts to reopen their settlement with CVC were based on their review of documents received from CVC in the

settlement.  Motion for Clarification ¶ 15, *MSP Recovery Claims*, No. 1:20-cv-11418-WGY (D. Mass. July 5, 2022), D.E. 74.  Indeed, Plaintiffs represented to this Court on March 28, 2022 that they had uncovered "new evidence" justifying amendment (only weeks after Plaintiffs appear to have received the documents from CVC).  D.E. 156 at 20 n.29.

Given Plaintiffs' representations elsewhere, it is not at all clear why it took Plaintiffs nearly a year to review these documents, even if a vendor was needed.  *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009) ("The lack of diligence that precludes a finding of good cause . . . include[s] a plaintiff's failure to seek the information it needs to determine whether an amendment is in order.").  It is important for the Court and Defendants to know when Plaintiffs hired this vendor, how long the process took, and when it was completed.  Plaintiffs also must explain whether some or all of the information underlying this exhibit was contained in documents that Plaintiffs appeared to have reviewed as early as March 2022.  Plaintiffs cannot carry their burden under Rules 16 and 15 without providing this information.

More broadly, the Court should not allow Plaintiffs to continue a pattern of continually amending or supplementing the pleadings approaching three years into this litigation.  Rule 15(d) only allows "a supplemental pleading setting out any transaction, occurrence, or event that happened *after the date of the pleading* to be supplemented."  (emphasis added).  But all of the alleged transactions listed in Plaintiffs' proposed supplement appear to have happened *many years before* Plaintiffs moved to file their Second Amended Complaint.  *See* D.E. 235-4.  Rule 15(d) also "charges the district court with conditioning permission to supplement the pleadings upon 'such terms as are just.'"  *Harris v. Garner*, 216 F.3d 970, 981 n.11 (11th Cir. 2000) (quoting Fed. R. Civ. P. 15(d)); *see also* Fed. R. Civ. P. 15(d) advisory committee note ("As in other situations where a supplemental pleading is offered, the court is to determine in the light of the particular

circumstances whether filing should be permitted, and if so, upon what terms."). In *Cowan v. Gaffney*, the court denied a motion to supplement under similar circumstances, observing that the "case has been ongoing for nearly two years and still remains in the initial pleading stages due to the Plaintiffs continued requests to amend and add claims and parties." 2009 WL 10670078, at *1 (M.D. Fla. Mar. 9, 2009). The court held that "[t]o continue to allow corrections and addendums would severely prejudice the Defendants in this matter who must continually try and hit a moving target with their defense." *Id.*; *see also Lemons v. Principal Life Ins. Co.*, 2021 WL 3508688, at *1 (N.D. Ala. May 27, 2021) (denying leave to supplement "because of undue delay, dilatory motive, and undue prejudice" for similar reasons). Here, the Parties specifically agreed to the dates in the operative scheduling order, and Plaintiffs should be held to those deadlines in order to break this cycle of ever-changing pleadings.

## II.     Plaintiffs Acted in Bad Faith.

The Court should additionally deny Plaintiffs' motion to supplement due to their repeated failures to comply with the conferral requirements of Local Rule 7.1. Despite warnings from the Court and UT's counsel about Plaintiffs' conferral obligations, Plaintiffs simply rejected UT's requests to see Plaintiffs' proposed exhibit and ignored UT's request for additional information critical to evaluating whether to stipulate or object to Plaintiffs' motion. Ex. A at 1–7. Even worse, Plaintiffs misrepresented the Parties' meet and confer by failing to provide the Court with the full email exchange between the Parties where UT's counsel requested additional information. *Compare* Ex. A at 1, *with* D.E. 235-5.

Plaintiffs' actions—including by failing to provide Defendants with the requested exhibit, then ignoring UT's request for additional information and abruptly filing this motion only a day after first raising the issue—hardly qualify as a "good faith effort to resolve by agreement the issues to be raised in the motion." Local Rule 7.1(a)(3). And Plaintiffs conspicuously avoid

12

certifying that they did so, despite Local Rule 7.1(a)(3)'s requirement "that counsel for the moving party shall, at the end of the motion and above the signature block, certify that such good faith conference has been made." *Cavero v. L. Offs. of Erskine & Fleisher*, 2012 WL 12886632, at *1 (S.D. Fla. May 25, 2012). This failure is particularly egregious where the Court itself recently made clear to Plaintiffs that "***future motions that are filed without the required Rule 7.1 certificate of conferral may be summarily denied***." D.E. 176 (emphasis added).

As explained above, this is the third time in this litigation that Plaintiffs have disregarded this Court's Local Rules and failed to properly confer in good faith—unduly prejudicing UT and other Defendants. *See supra* 2-7 . Plaintiffs or affiliated entities are frequent litigators in this District,[2] and certainly know—or are obligated to know—the basic procedural and local rules they are required to follow, including those governing conferral with opposing counsel. *See* Local Rule Introductory Statement, Local Rule 1.1, and Local Rule Governing the Admission, Practice, Peer Review, and Discipline of Attorneys 4(b); Fla. Bar R. 4-3.4(c). In fact, in addition to reminders from UT's counsel, this very Court concluded that Plaintiffs failed to comply with Local Rule 7.1 just *two days* before Plaintiffs filed this motion. *See* D.E. 232 at 2 ("The motion was procedurally deficient because it lacked a Local Rule 7.1 conferral certification, which requires the movant to certify, among other things, whether its opponent opposes the relief sought therein."). These failures are sanctionable in their own right. *See* Local Rule 7.1(a)(3) ("Failure to comply with the

---

[2] *See, e.g.*, *MSP Recovery Claims, Series LLC v. Endurance Am. Ins. Co.*, 2021 WL 706225 (S.D. Fla. Feb. 23, 2021); *MSP Recovery Claims, LLC v. Metro. Gen. Ins. Co.*, 2021 WL 804716 (S.D. Fla. Mar. 3, 2021); *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, 2021 WL 358670 (S.D. Fla. Feb. 1, 2021); *MSP Recovery Claims, Series LLC v. MGA Ins. Co.*, 2020 WL 7974492 (S.D. Fla. Dec. 31, 2020); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, 2018 WL 295527 (S.D. Fla. Jan. 3, 2018); *MSP Recovery, LLC v. Allstate Ins. Co.*, 276 F. Supp. 3d 1311 (S.D. Fla. 2017); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 281 F. Supp. 3d 1278 (S.D. Fla. 2017).

13

requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.").

The timing of Plaintiffs' motion only further highlights the bad faith nature of Plaintiffs' motion. Plaintiffs vaguely assert that they were able to generate this exhibit "[i]n the time between the filing of the SAC and now"—in other words, sometime in four months between October 27, 2022 and February 17, 2022. But Plaintiffs waited until only two weeks before Defendants' motions to dismiss are due on March 3, 2022 to reveal this large data set, and simultaneously refused to agree to an extension of time to allow Defendants to assess what effect this data has on their arguments. Ex. A at 3. They also informed Defendants of this exhibit *one day* after the Court denied UT's motion for reconsideration seeking to disallow Plaintiffs' Second Amended Complaint, likely to avoid impacting the Court's decision on that motion with yet another request to modify the pleadings. *Id.* Rule 15(d) itself unambiguously requires Plaintiffs provide "reasonable notice" to Defendants before seeking leave to supplement their pleading. Fed. R. Civ. P. 15(d).

The Court should not tolerate this conduct further. Other courts have observed that Plaintiffs and affiliated entities regularly "file deficient complaints, rely on courts to point out the problems, and then repeatedly amend their pleadings until they get it right." *MSP Recovery Claims, Series LLC v. N.Y. Cent. Mut. Fire Ins. Co.*, 2019 WL 4222654, at *6 (N.D.N.Y. Sept. 5, 2019) (collecting cases with similar criticism).[3] As the Seventh Circuit observed, this "approach

---

[3] *See also MSP Recovery Claims, Series LLC v. USAA Gen. Indem. Co.*, 2018 WL 5112998, at *13 (S.D. Fla. Oct. 19, 2018) (remarking on the "ever-shifting allegations Plaintiff has presented in its four versions of its pleading"); *see also MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 871, 873, 878 (7th Cir. 2021) (noting that "[t]his appeal . . . leaves us with the

14

is not sitting well with many judges, and multiple district courts have already commented on what they perceive as [a] rush to file litigation in the hope that discovery will show whether an actual case or controversy exists." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021). Plaintiffs should not be allowed to once again modify the pleadings under these circumstances.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to supplement the Second Amended Complaint.


Dated: February 22, 2023

Respectfully Submitted,

*/s/ Raquel A. Rodriguez*
Raquel A. Rodriguez, FL Bar No. 511439
Miranda L. Soto, FL Bar No. 637963
Daniel R. Lazaro, FL Bar No. 99021
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd, Suite 1500
Miami, FL 33131-1822
Telephone: 305.347.5913
Fax: 305.347.4089
raquel.rodriguez@bipc.com
miranda.soto@bipc.com
dan.lazaro@bipc.com

Andrew S. Tulumello (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 500
Washington, DC 20036
Telephone: 202.682.7000
Fax: 202.857.0940
drew.tulumello@weil.com

---

unmistakable impression that [the plaintiffs] pull the litigation trigger before doing their homework"); *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, 2021 WL 1164091, *1 (S.D.N.Y. Mar. 26, 2021) (observing that the plaintiffs "ha[d] done absolutely nothing to obtain relevant information from [their purported] assignors" before suing).

15

Luna Barrington (*pro hac vice*)
Aaron J. Curtis (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000
Fax: 212.310.8007
luna.barrington@weil.com
aaron.curtis@weil.com

*Counsel for Defendant United Therapeutics Corporation*


/s/ Seth D. Haimovitch
David L. Ferguson, FL Bar No. 0981737
Seth D. Haimovitch, FL Bar No. 0085939
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954.525.4100
Fax: 954.525.4300
Ferguson@kolawyers.com
Haimovitch@kolawyers.com

Thomas J. Lang (*pro hac vice*)
Peter M. Boyle (*pro hac vice*)
Christina E. Fahmy (*pro hac vice*)
KILPATRICK TOWNSEND
& STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005
Telephone: 202.508.5800
Fax: 202.508.5858
tlang@kilpatricktownsend.com
pboyle@kilpatricktownsend.com
cfahmy@kilpatricktownsend.com

*Counsel for Defendant Smiths Medical ASD, Inc.*

/s/ Matthey Papkin
Matthew Papkin, FL Bar No. 106565
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue
Suite 1600
Miami, Florida 33131-3075
Telephone:  305.415.3000
Fax:  305.415.3001
matthew.papkin@morganlewis.com

Eric W. Sitarchuk, *pro hac vice*
Ryan P. McCarthy, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Telephone:  215.963.5000
Fax:  215.963.5001
eric.sitarchuk@morganlewis.com
ryan.mccarthy@morganlewis.com

Megan A. Suehiro, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071-3132
Telephone:  213.612.2500
Fax:  213.612.2501
megan.suehiro@morganlewis.com

*Counsel for Defendants Express Scripts, Inc., Express Scripts Holding Company, and Accredo Health Group*

/s/ Marcos E. Hasbun
Marcos E. Hasbun, FL Bar No. 0145270
ZUCKERMAN SPAEDER LLP
101 E. Kennedy Blvd.
Suite 1200
Tampa, FL 33602-5838
Telephone:  813.221.1010
Fax:  813.223.7961
mhasbun@zuckerman.com

Cy Smith, *pro hac vice*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street
Suite 2440
Baltimore, MD 21202-1031
Telephone: 410.332.0444
Fax: 410.659.0436
csmith@zuckerman.com

17

        Christopher R. MacColl, *pro hac vice*
        Jade Chong-Smith, *pro hac vice*
        ZUCKERMAN SPAEDER LLP
        1800 M Street NW
        Suite 1000
        Washington, DC 20036-5807
        Telephone: 202.778.1800
        Fax: 202.822.8106
        cmaccoll@zuckerman.com
        jchong-smith@zuckerman.com

*Counsel for Defendant CVS Health Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2023, I filed the foregoing document with this Court using the CM/ECF filing system. This system sends notifications of such filing and service to all counsel of record.

/s/ Raquel A. Rodriguez
Raquel A. Rodriguez

Case 1:21-cv-21317-DPG   Document 237   Entered on FLSD Docket 02/22/2023   Page 20 of 20